ROBERT D. CARVILL and others, appellants from a decree of the judge of probate, *vs.* EZRA R. CARVILL.

Androscoggin.  Opinion January 11, 1882.

*R. S., c. 77, § 13.  Law court, jurisdiction in probate cases.  Costs.*

Under the provisions of R. S., c. 77, § 13, the law court may properly consider and determine motions to set aside, as against law and evidence, verdicts rendered in probate cases upon issues framed at *nisi prius*, when reported by the presiding justice with all the evidence adduced at the trial.

REPORT on motions.

This was an appeal from a decree of the judge of probate approving and allowing the last will and testament of James Carvill.

The cause was submitted to a jury who returned the following verdict:

"(1,) Was James Carvill, said testator, of sound mind at the time he executed the said instrument which purports to be his last will and testament?  *Answer.* — No."

"(2,) Was said testator induced to make and execute said instrument by fraud or undue influence.  *Answer.* — Yes."

After the verdict the proponent, by his attorneys, N. and J. A. Morrill, and S. C. Strout, moved to set it aside as against law and evidence and the weight of evidence; he also moved that notwithstanding the verdict the instrument propounded should be proved and allowed as the last will and testament of James Carvill and that the decree of the judge of probate should be affirmed.

And the appellants, by their attorneys, Frye, Cotton and White, Hutchinson and Savage, and Webb and Haskell, moved the court for the disallowance of the said instrument and for the reversal of the decree of the probate judge.

*S. C. Strout, H. W. Gage and F. S. Strout,* and *N. and J. A. Morrill,* for the proponent, furnished elaborate briefs in support of the motion to set aside the verdict, contending that in the first place, that the final decree allowing or disallowing the will,

must be the judgment of this court upon the whole case. Neither party has a right to a jury trial, it is granted in the discretion of the presiding judge upon such questions as he chooses to submit. R. S., c. 63, § 26.

The verdict is to inform the conscience of the court. It has not the force of a verdict at common law. *Bradstreet* v. *Bradstreet,* 64 Maine, 204; *Larrabee* v. *Grant,* 70 Maine, 79; *Withee* v. *Rowe,* 45 Maine, 571.

Upon the question of jurisdiction, counsel claimed that the language of R. S., c. 63, § 21, does not change the nature, character or powers of the Supreme Judicial Court except to embrace in its jurisdiction matters of which the probate court has original jurisdiction, and cited *Stetson* v. *Corinna,* 44 Maine, 29; R. S., c. 77, §§ 2, 13; *Id.* c. 82, § 33.

*Webb and Haskell,* for the contestants.

The statute regulations governing, creating, or defining the jurisdiction of the supreme court of probate, (R. S., c. 63, §§ 21, 26,) do not in terms make any provision for a supreme court of probate sitting in banc; nor for exceptions from the rulings, decisions or decree of the court held by a single justice.

And in the provisions relating to the law court (R. S., c. 77, §§ 9, 10,) no allusion is made to the determination of questions of law arising in probate appeals, and no term of that court is provided which is consistent with the statute regulating probate appeals, for such appeals are to be to the next term of the supreme court in the same county.

The proper terms for the cognizance of probate appeals are held in the several counties by one of the judges as provided by R. S., c. 77, § 17. Unlimited jurisdiction is granted those terms save only the cases named in § 11 which come before the law court, the jurisdiction of which is limited to the cases enumerated in § 11, and probate appeals are not there named.

This court has not jurisdiction under § 3, of the same chapter, which gives general superintendence of all inferior courts, because the probate court is not an inferior court over which the superintendence extends. *Peters* v. *Peters,* 8 Cush. 538. The stat. 1852, c. 246, § 13, gave the right of exception to any matter of law decided and determined by the presiding justice in probate

appeals, and the decision in *Crocker* v. *Crocker*, 43 Maine, 562, was based upon that statute. But that provision was omitted from R. S., 1857, and the law was restored to its form and condition before the act of 1852. *Grinnell* v. *Baxter*, 17 Pick. 385; *Dean* v. *Dean*. 2 Mass. 150.

In *Gilman* v. *Gilman*, 53 Maine, 184, the question now presented was not considered. And we feel safe in saying that in no case has the jurisdiction of this court sitting in banc, over probate appeals, been challenged.

The Massachusetts cases of *Higbee* v. *Bacon*, 11 Pick. 424; *Wright* v. *Wright*, 13 Allen, 207; *McKeone* v. *Barnes*, 108 Mass. 344; *Lewis* v. *Mason*, 109 Mass. 169; *Nash* v. *Hunt*, 116 Mass. 237; *Newell* v. *Homer*, 120 Mass. 277; *Davis* v. *Davis*, 123 Mass. 590; *May* v. *Bradlee*, 127 Mass. 414; *Dorr* v. *Tremont Nat. Bank*, 128 Mass. 349, all depend upon statutes giving right of exception or appeal to the full court.

The counsel further argued against the proponent's motion to set aside the verdict.

APPLETON, C. J. This is an appeal from a decree of the judge of probate, affirming the last will and testament of James Carvill. The case comes before us on a motion to set aside the verdict. The evidence as reported, embraces four hundred and seventeen pages.

No exceptions have been taken to the rulings of the presiding judge as to the admission or exclusion of evidence, or to the principles of law as stated in his charge to the jury.

The jury found that the testator at the time he executed the instrument, purporting to be his last will and testament, was not of sound mind. The evidence upon that branch of the case, in our judgment, negatives the correctness of that finding. But the jury found that the testator was induced to execute the will in question, by undue influence. The evidence bearing on this issue was submitted under correct instructions to the jury, and we do not think it so preponderately in favor of the proponent, as to demand our interference on the ground that it was the result of bias, prejudice or mistake on their part.

It has been argued that the case is not properly before us. By R. S., c. 63, § 26, an appeal may be taken from the probate

court to this court, and this court may reverse or affirm the proceedings of the probate court, and "or take any order thereon, that law or justice may require; and, if upon such hearing, any question of fact occurs proper for a trial by jury, an issue may be framed for that purpose under the direction of the court, and so tried." This was done.

The trial by jury was had. All the incidents of such trial follow. A foreman must be chosen, unanimity is required. The verdict may be wrong. A motion may be filed for a new trial. The rulings of the presiding justice may be erroneous. Exceptions may be alleged, This must so be for the furtherance of justice, for wrong verdicts, whether from the mistaken judgment of the jury, or induced by the erroneous instructions on the part of the judge should be corrected.

By R. S., c. 77, § 13, motions for new trial upon evidence reported by the presiding judge, bills of exceptions, &c. come before the law court, and it matters little in what class of cases the jury trials were had. Whenever a jury trial is had, there may be a motion or exceptions for the correction of errors, whether of the court or jury.

It was the duty of the proponent to present the will for probate. He would have been liable to punishment for not so doing in case of its suppression.

By R. S., c. 63, § 2, costs may be allowed to either party to be paid by the other, or to either or both parties to be paid out of the estate, as justice requires. Under all the circumstances of the case, we think the verdict of the jury should stand, and the costs of both parties be paid out of the estate in controversy.

> *Motion overruled. Judgment on the verdict.*
> *The decree of the probate court reversed.*
> *The instrument purporting to be the last will and testament of James Carvill disallowed and rejected, and he be decreed to have died intestate, and the case remanded to the probate court for further proceedings. Costs of both parties to be paid out of the estate.*

WALTON, BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.